IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02244-GPG
(County Court, County of Adams, State of Colorado Case No. 2020C35809)

PO LUXE HOMES, LLC,

    Plaintiff,

v.

JOSE JUAN MELENDEZ,
GERARDO ALVAREZ CERVANTES, and
ALL OTHER RESIDENTS OF 9735 NUCLA ST
COMMERCE CITY CO 80022,

    Defendants

---

ORDER FOR SUMMARY REMAND

---

On July 29, 2020, Defendant Jose Juan Melendez filed *pro se* a Notice of Removal (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Rev. 07/10) (ECF No. 3). Defendant Melendez is attempting to remove a "Complaint in Forcible Entry and Detainer" filed against Defendants in Adams County Court Case No. 2020C35809.

The Court must construe the papers filed by Defendant Melendez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded to the state court.

"Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed

1

there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. Appx. 81, 83 (10th Cir. 2005) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Defendant Melendez appears to seek removal of the state action to federal court pursuant to § 1441(a) based on the existence of a federal question. Removal under 28 U.S.C. § 1441(a) is appropriate only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has recognized that removal also is appropriate pursuant to § 1441(a) for state law claims that implicate significant federal issues. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The relevant question is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Here, the forcible entry and detainer complaint filed in the county court does not present a federal question or a state law claim that implicates significant federal issues. Instead, Defendant Melendez seek to remove this action based on vague and conclusory allegations that the real property at issue is part of an indigenous land trust to which Defendants are heirs. (*See* ECF No. 1 at 2). However, except for narrow circumstances that are not apparent in this action, "a case may not be removed to federal

2

court solely because of a defense or counterclaim arising under federal law." See *Johnson*, 404 F.3d at 1247.

The Court additionally notes that Defendant Melendez has failed to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Rev. 10/15) on the current, court-approved form. *See* D.C.COLO.LCivR 5.1(c) (unrepresented parties must use the forms posted on the court's website). It also unclear whether Defendant Melendez has provided a copy of "all process, pleadings, and orders served upon such defendant or defendants in such action," since the papers submitted to this Court include notice of a July 23, 2020, hearing in the Adams County Court on Plaintiff's request for entry of judgment (*see* ECF No. 1 at 8), but no subsequent filings concerning the July 23, 2020, hearing.

The instant action will be remanded summarily to the state court based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Defendant Melendez files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that this action is remanded summarily to the County Court of Adams County, Colorado. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3) is denied as moot. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this order to the Clerk of the District Court, Adams County, Colorado, 1100 Judicial Center Drive, Brighton, Colorado 80601.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   31st   day of     July        , 2020.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court